EXHIBIT A

Matt Blum, Esq. SBN: 285944
THE LAW OFFICE OF MATT BLUM
550 West C Street, Suite 960
San Diego, CA 92101
Tel: (860) 271-6273
Fax: (619) 238-1351
Email: mblumlaw@gmail.com

Attorneys for Plaintiff, RODERICK FREEMAN

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
**10/20/2020** at 10:39:40 AM
Clerk of the Superior Court
By Melissa Valdez, Deputy Clerk

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO – CENTRAL DIVISION - UNLIMITED

| | |
|---|---|
| RODERICK FREEMAN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>FLOWERS BAKING CO. OF HENDERSON, LLC, a Nevada Limited Liability Company doing business in the state of California; DOES 1-50, Inclusive,<br><br>Defendants. | Case No.: 37-2020-00038025-CU-OE-CTL<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES**<br><br>**1. DISCRIMINATION BASED ON AGE IN VIOLATION OF CAL. GOV. CODE § 12940(a)**<br><br>**2. HARASSMENT BASED ON AGE IN VIOLATION OF CAL. GOV. CODE § 12940(j)**<br><br>Judge:<br>Department: |

WHEREFORE RODERICK FREEMAN (hereinafter referred to as "Plaintiff") alleges the following based on information and belief:

## PARTIES

1. Plaintiff is now and at all times mentioned in this complaint was an individual residing in the County of San Diego.

2. FLOWERS BAKING CO. OF HENDERSON, LLC (hereinafter referred to as "Defendant") is now and at all times mentioned in this complaint was a Nevada limited liability company conducting business in the state of California.

## JURISDICTION AND VENUE

3. The underlying events in this matter occurred at the address of 4656 Mission Gorge Pl, San Diego, CA 92120. As such this matter has been properly filed in the Central division of San Diego County. This matter is properly filed as an unlimited case in that the amount in controversy exceeds $25,000.00.

## DOE ALLEGATIONS

4. Plaintiff does not know the true names of Defendants DOES 1 through 50, inclusive, and therefore sues them by those fictitious names. Plaintiff is informed and believes, and on the basis of that information and belief alleges, that each of those Defendants was in some manner intentionally, negligently and/or proximately responsible for the events and happenings alleged in this complaint and for Plaintiff's resulting injuries and damages.

## RESPONDEAT SUPERIOR AND VICARIOUS LIABILITY

5. Plaintiff herein alleges that the actions taken by employees of Defendant against Plaintiff occurred within the normal scope and course of these individual's employment with Defendant. Plaintiff further alleges that several of these employee(s) were Plaintiff's supervisor(s) while Plaintiff was employed by Defendant.

///
///

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. Prior to the initiation of this lawsuit, Plaintiff filed a complaint against each named defendant with the California Department of Fair Employment and Housing (hereinafter referred to as "DFEH") pursuant to §12900, et seq, of the California Government Code, alleging the claims described in this complaint. In filing this complaint, Plaintiff received a "right to sue letter" from the DFEH. This letter has been served to all Defendants along with this complaint. Accordingly, all conditions precedent to the institution of this lawsuit have been fulfilled.

7. Plaintiff's employer(s) meets the statutory requirements set forth for entities governed under the provisions of California Government Code § 12940 *et seq.*

## BACKGROUND FACTS

8. Defendant is a nationwide producer and wholesale distributor of breads, donuts and other baked items.

9. Plaintiff was hired by Defendant on or about January of 2011.

10. Plaintiff was initially hired as a Branch Sales Manager. In 2013, he was given a promotion to the position of Director of Sales. In 2018, Plaintiff was reclassified an Area Sales Director, which constituted a demotion.

11. Plaintiff is sixty-one years old.

12. On or about June of 2019, Plaintiff was approached by his supervisor during a business meeting. Plaintiff's supervisor told him, "Rod, I see you have a beard these days, you look like Papa Smurf".

13. Papa Smurf is a fictional cartoon character. The character is drawn to look elderly and has a thick white beard.

14. Plaintiff initially did not know who Papa Smurf was. When he went home and googled the character, Plaintiff felt extremely embarrassed by the comment. Plaintiff proceeded to completely shave off his beard that night.

15. Approximately six-eight weeks later, Plaintiff again encountered his

1 | supervisor during a business meeting.

16. This time, the supervisor greeted him as, "Hey, Papa Smurf!",

17. In response, Plaintiff told his supervisor that the comment upset him. Plaintiff stated, "That really hurt my feelings. Did you not see that I went home and shaved my beard after you called me Papa Smurf the last time?"

18. In response, Plaintiff's supervisor did not apologize or offer any sympathy to Plaintiff. Instead, she insisted that she meant it as a, "Compliment" in that Plaintiff looked, "Distinguished".

19. On or about 2019, a series of positions began to open at Defendant company. These positions included multiple Vice President positions, as well as a Marketing Director spot.

20. Despite having seniority over all of the new hires, Plaintiff was never asked invited to an interview and/or offered any of the new positions. All of the new positions were filled with individuals in their thirties. All of the new positions were filled with individuals who had less tenure at the company than Plaintiff.

21. Shortly thereafter, Plaintiff approached the same supervisor who had made the Papa Smurf comments and told her that he had been interested in the new openings, and that he would like to be considered moving forward. He also stated that he felt like he was being unfairly passed over in the promotional process.

22. In response, Plaintiff was told that if he wanted a promotion he should, "Ask for an interview."

23. It is Plaintiffs allegation that some, if not all, of the positions in question were filled via Plaintiff's supervisor hand picking the selections, and that there was not a formal interview process amongst multiple candidates.

24. It is further Plaintiff's allegation and belief, based on both the comments made towards him and the age of the individuals who received the promotions, that his age was a motivating factor in being denied promotional opportunities.

# FIRST CAUSE OF ACTION
## AGE DISCRIMINATION IN VIOLATION OF CAL. GOV. CODE § 12940(a)
## AGAINST ALL DEFENDANTS AND DOES 1-50, INCLUSIVE

25. Plaintiff hereby incorporates paragraphs 1-24 of this complaint as through fully set forth herein.

26. Plaintiff was an employee of Defendant.

27. At all times mentioned herein, Plaintiff was over the age of forty (40).

28. Defendant was aware that Plaintiff was over the age of forty (40).

29. Plaintiff's age was a substantial motivating reason for Defendant's decision to deny Plaintiff benefits of employment, including the opportunity to interview for senior positions and the opportunity to be awarded senior positions.

30. Defendant systematically hired individuals with less tenure that Plaintiff, largely due to the fact that they were younger.

31. As a direct and proximate result of Defendant's acts, Plaintiff suffered and will continue to suffer economic and compensatory damages, including lost wages, lost benefits, loss of promotional opportunity, in an amount to be ascertained at the time of trial.

32. As a further direct and proximate result of Defendant's acts, Plaintiff has suffered, and will continue to suffer emotional pain and suffering in an amount to be ascertained at the time of trial.

33. The actions alleged herein were taken by managing agents and/or officers of Defendant and/or ratified by managing agents and/or officers of Defendant and/or reflect outstanding illegal corporate policies which have been implemented by the Defendant entity. In so doing, said managing agents and/or officers of Defendant acted with oppression and malice as those terms are used in California Code of Civil Procedure § 3294. As such, Plaintiff is entitled to an award of punitive damages.

34. Plaintiff is also entitled to recover reasonable attorney's fees and costs pursuant to Cal. Gov. Code § 12965(b).

## SECOND CAUSE OF ACTION
## HARASSMENT BASED ON AGE IN VIOLATION OF CAL. GOV. CODE § 12940(j)
## AGAINST ALL DEFENDANTS AND DOES 1-50, INCLUSIVE

35. Plaintiff hereby incorporates paragraphs 1-34 of this complaint as though fully set forth herein.

36. Defendant was an employer who met all of the requisite requirements set forth under the California Fair Employment and Housing Act.

37. Plaintiff is over the age of forty (40).

38. As alleged above, Plaintiff was subjected to unwanted harassing conduct because of his age.

39. The harassing conduct as severe or pervasive.

40. A reasonable person in Plaintiff's position would have considered the comments to be harassing and abusive.

41. Plaintiff did consider the work environment to be hostile and abusive.

42. As a direct and proximate result of Defendant's acts, Plaintiff suffered and will continue to suffer economic and compensatory damages, including lost wages, lost benefits, loss of promotional opportunity, in an amount to be ascertained at the time of trial.

43. As a further direct and proximate result of Defendant's failure to provide Plaintiff with reasonable accommodation(s) Plaintiff has suffered, and will continue to suffer emotional pain and suffering in an amount to be ascertained at the time of trial.

44. The actions alleged herein were taken by managing agents and/or officers of Defendant and/or ratified by managing agents and/or officers of Defendant, as well as were a result of outstanding company policies which violate California law. In so doing, said managing agents and/or officers of Defendant acted with oppression and malice as those terms are used in California Code of Civil Procedure § 3294. As such, Plaintiff is entitled to an award of punitive damages.

45. Plaintiff is also entitled to recover reasonable attorney's fees and costs pursuant to Cal. Gov. Code § 12965(b).

## PRAYER FOR RELIEF

WHEREFORE, on Causes of Action 1-2, Plaintiff prays for judgment as follows against ALL DEFENDANTS AND DOES 1-50, INCLUSIVE:

1. General damages including but not limited to damages for emotional pain and suffering in an amount to be proven at trial;

2. Special damages including but not limited to damages for past and future lost wages and benefits in an amount to be proven at trial;

3. For exemplary and punitive damages in all applicable instances in an amount to be proven at trial;

4. For attorney's fees and costs in all applicable instances including but not limited to Cal. Gov. Code § 12965(b);

5. For statutory fines and penalties in all applicable instances;

6. For pre-judgment interest in all applicable instances; and

7. For any other relief which the Court deems proper.

Dated: October 20, 2020

By: *[signature]*
Matt Blum, Esq.
THE LAW OFFICE OF MATT BLUM
Attorney for Plaintiff