**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RODERICK FREEMAN,<br><br>                           Plaintiff,<br><br>v.<br><br>FLOWERS BAKING CO. OF HENDERSON, LLC,<br><br>                           Defendant. | Case No.: 3:20-cv-02303-W-BGS<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [DOC. 7] WITH LEAVE TO AMEND** |

Defendant Flowers Baking Co. of Henderson, LLC ("Flowers") moves to dismiss the First Amended Complaint ("FAC") under Federal Rule of Civil Procedure 12(b)(6). Plaintiff Roderick Freeman opposes.

The Court decides the matter on the papers submitted and without oral argument. Civ. L.R. 7.1(d.1). For the reasons that follow, the Court **GRANTS** Defendants' motion [Doc. 7] **WITH LEAVE TO AMEND**.

**I.**    **BACKGROUND**

Plaintiff Roderick Freeman, aged sixty-one, was hired by Defendant Flowers Baking Co. of Henderson, LLC ("Flowers") in or around January 2011 as a Branch Sales Manager. (*FAC* [Doc. 6] ¶¶ 9–11.) He was promoted to the role of Director of Sales in

1

2013 and reclassified as an Area Sales Director in 2018 despite repeatedly outperforming the annual sales quotas Flowers set for him. (*Id.* ¶ 10, 22.[1])

Before 2019, Freeman's supervisor was promoted to the position of General Manger. (*FAC* ¶ 23.) When she was promoted, Freeman asked her what he needed to do "to get moved up?" (*Id.*) There are no other allegations regarding this conversation.

During a business meeting in or around June 2019, Freeman was approached by his supervisor who said to him, "Rod, I see you have a beard these days, you look like Papa Smurf." (*FAC* ¶ 12.) Papa Smurf is an elderly cartoon character from the Belgian series, *Smurfs*, which aired in the U.S. throughout the 1980's.[2] (*Id.* ¶ 13.) After researching Papa Smurf, Freeman was embarrassed by the association and proceeded to shave his beard the same night. (*Id.* ¶ 14.)

Six to eight weeks later, the supervisor again referred to Freeman as the cartoon character during a business meeting by saying, "Hey, Papa Smurf!" (*FAC* ¶ 17.) This time, Freeman responded to the supervisor by informing her that the comment upset him by stating, "That really hurt my feelings. Did you not see that I went home and shaved my beard after you called me Papa Smurf the last time?" (*Id.* ¶ 19.) Instead of offering an apology or sympathy, the supervisor insisted the comment was meant to be a "compliment" to indicate Freeman looked "distinguished." (*Id.* ¶ 20.) The supervisor's alleged lack of remorse and Freeman's feelings of embarrassment took a toll on his daily interactions with the supervisor. (*Id.* ¶ 21.)

At some unidentified point in 2019, a series of positions opened up at Flowers. (*FAC* ¶ 24.) The FAC alleges that "[d]espite having seniority and better sales numbers than any of the new hires, [Freeman] was never asked or invited to an interview and/or

---

[1] Freeman's original Complaint refers to the reclassification to Area Sales Director as a demotion. (*Comp.* [Doc. 1-2] ¶ 10.) The Complaint is attached as Exhibit A to the Notice of Removal [Doc. 1].

[2] Steve Gorman, *Smurfs head for big-screen at Columbia Pictures*, Reuters (Jun. 10, 2008 5:07 PM), https://www.reuters.com/article/idUSN1039068320080611.

offered any of the new positions." (*Id.* ¶ 25.) Instead, the positions were informally filled with individuals in their thirties, who had less seniority and lower sales numbers than Freeman. (*Id.* ¶¶ 25, 28.) The FAC further alleges Freeman's supervisor was directly involved in deciding and handpicking the individuals who filled the vacant positions. (*Id.* ¶¶ 25, 28.)

After the positions were filled, Freeman approached his supervisor and told her "he had been" interested in the new openings and expressed frustration at being passed over for consideration. (*FAC* ¶ 26.) In response, the supervisor told Freeman that if he wanted a promotion, he should "ask for an interview." (*Id.* ¶ 27.) Freeman believes, however, that his age was a motivating factor "in being denied promotional opportunities." (*Id.* ¶ 29.)

On October 20, 2020, Freeman filed this lawsuit against Flowers in the San Diego Superior Court. On November 24, 2020, Flowers removed the case to this Court and filed a motion to dismiss the original Complaint. On December 15, 2020, Flowers filed the FAC asserting causes of action for age discrimination and harassment in violation of the California Fair Employment and Housing Act ("FEHA"), Cal. Government Code §§ 12940(a) and (j), and requesting punitive damages. (*See FAC*.) Flowers now seeks to dismiss both causes of action and the request for punitive damages.

## II.  LEGAL STANDARD

The Court must dismiss a cause of action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint. See Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or for insufficient facts under a cognizable theory. Balisteri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990). In ruling on the motion, a court must "accept all material allegations of fact as true and construe the

3

complaint in a light most favorable to the non-moving party." Vasquez v. L.A. Cnty., 487 F.3d 1246, 1249 (9th Cir. 2007).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has interpreted this rule to mean that "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 554, 555 (2007). The allegations in the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

Well-pled allegations in the complaint are assumed true, but a court is not required to accept legal conclusions couched as facts, unwarranted deductions, or unreasonable inferences. See Papasan v. Allain, 478 U.S. 265, 286 (1986); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

## III. DISCUSSION

### A. The FAC Fails to Allege a FEHA Violation for Age Discrimination.

Freeman's first cause of action alleges discrimination in violation of FEHA based on the contention he was denied the opportunity to interview for senior positions due to his age. (*FAC* ¶ 34.)

FEHA prohibits employers from discriminating against an employee in compensation or in terms, conditions, or privileges of employment due to their age. Cal. Gov. Code § 12940(a). The specific elements of a prima-facie case vary depending on the facts. Guz v. Bechtel Nat. Inc., 24 Cal.4th 317, 355 (2000) (citing Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 253 fn. 6 (1981)). "Generally, the plaintiff must provide evidence that (1) he was a member of a protected class, (2) he was qualified for the position he sought or was performing competently in the position he held, (3) he suffered an adverse employment action, such as termination, demotion, or denial of an

4

available job, and (4) some other circumstance suggests discriminatory motive. [Citations omitted.]" Id.

Flowers argues Freeman's claim for discrimination should be dismissed for two reasons. First, Flowers argues Freeman did not suffer an adverse action because he failed to apply for the open positions. (*P&A* [Doc. 7-1] 5:10–13.) The Court agrees.

Generally, a prima-facie case for discrimination based on the denial of an available job requires the plaintiff to show he or she applied for the job. Abed v. W. Dental Servs. Inc., 23 Cal. App. 5th 726, 738 (2018). However, in Abed, the California Court of Appeal held that plaintiff's failure to apply for a job would not defeat her failure-to-hire claim if the employer falsely told her there was no position available and thereby caused her not to apply. Id. at 739.

Here, the FAC alleges that at some point in 2018, Freeman asked his supervisor, "What about me? What do I need to do to get moved up?" (*FAC* ¶ 23.) Then at some point in 2019, "a series of positions opened up at the company" and "Plaintiff was never asked or invited to an interview and/or offered any of the new positions." (*Id.* ¶¶ 24, 25.) Freeman next alleges that shortly after all the positions were filled, he "approached the same supervisor who had made the Papa Smurf comments and again told her that he had been interested in the new openings, as well as expressed frustration in having not been given any consideration for the openings." (*Id.* ¶ 26.)

Reading the above allegations in Freeman's favor, the FAC does not indicate he ever applied for the positions. Instead, the allegations suggest Freeman was waiting to be "asked or invited" to apply. Additionally, although under Abed Freeman could also show Flowers misled him into believing no position was available, the FAC's allegation that Freeman told his supervisor "he had been interested in the new openings" suggests Freeman was aware of the positions. Because the FAC does not indicate that Freeman applied for the positions or that he was misled into believing the positions were not available, he has failed to state a claim for discrimination.

Flowers next argues the FAC fails to show Freeman was qualified for the open positions. (*P&A* 5:14–16.) The Court disagrees.

In failure to promote cases, a plaintiff must demonstrate that he or she was qualified for the position sought. Burdine, 450 U.S. at 253; Guz, 24 Cal. 4th at 354 ("Because of the similarity between state and federal employment discrimination laws, California courts look to pertinent federal precedent when applying our own statutes."). Here, Freeman alleges he repeatedly outperformed the sales quotas Flowers set for him, and he performed all of his job responsibilities in a more than satisfactory manner." (*See FAC* ¶ 22.) He further alleges the positions were filled "with individuals who had less tenure at the company … [and] whose sales numbers were not as strong as Plaintiff's." (*Id.* ¶ 25.) The Court finds these allegations sufficient to infer Freeman was qualified for the positions sought.

Because the FAC fails to allege Freeman applied for the open positions or was misled regarding those positions, the Court will dismiss the FAC with leave to amend.

### B. The FAC Fails to Allege a FEHA Violation for Harassment.

Freeman's second cause of action alleges harassment based on age in violation of FEHA. Freeman contends the comments made by his supervisor comparing him to the cartoon character, Papa Smurf, constituted harassment and created a hostile working environment. (*FAC* ¶¶ 12–21, 43–46.) Flowers argues these comments were not sufficiently pervasive so as to alter the conditions of employment and create a hostile working environment because they were "isolated and trivial." (*P&A* 6:19–25, 7:1–4.) The Court agrees with Flowers.

To establish a prima facie hostile-work environment claim, Freeman must allege facts showing: (1) he was subjected to verbal or physical conduct because of his protected status; (2) the conduct was unwelcome, and (3) the conduct was sufficiently severe or pervasive to alter the conditions of his employment and create an abusive working environment. Surrell v. California Water Serv., 518 F.3d 1097, 1108 (9th Cir. 2008).

6

3:20-cv-02303-W-BGS

California courts have adopted the same standard for hostile work environment claims under FEHA as federal courts under Title VII. Lyle v. Warner Brothers Television Productions, 38 Cal.4th 264, 279 (2006) (citation omitted) (in context of gender harassment). In evaluating whether the harassment was sufficiently severe and pervasive, the court considers the totality of the circumstances, including the nature and frequency of the offensive conduct, as well as the total number of days over which the offensive conduct occurs. Fisher v. San Pedro Peninsula Hosp., 214 Cal. App. 3d 590, 609 (1989). Isolated, sporadic, or trivial acts do not rise to the hostile standard. Id.

In Mokler v. County of Orange, 157 Cal. App. 4th 121 (2007), plaintiff sued her former employer for a hostile work environment under FEHA. Id. at 575. The claim was based on three acts of harassment by a work colleague that occurred over a five-week period. Id. at 144. The acts consisted of: (1) calling plaintiff an "aging nun"; (2) pulling plaintiff close to the colleague's body and making an inappropriate comment; and (3) placing his arm around plaintiff, stating she looked nice and demanding to know her address. Id. Although the court recognized that conduct was inappropriate, it concluded the "acts of harassment fall short of establishing 'a pattern of continuous, pervasive harassment [citation omitted], necessary to show a hostile working environment under FEHA.'" Id. at 145.

Here, Freeman's hostile-environment claim is based exclusively on his supervisor referring to him as "Papa Smurf" on two separate occasions spanning a six to eight-week period. (*FAC* ¶¶ 12, 17–18.) Additionally, the FAC alleges that when Freeman confronted his supervisor, she stated the comment was a "compliment" meant to describe Freeman as looking "distinguished." (*Id*. ¶ 20.) Although Freeman alleges he was upset because his supervisor "did not apologize or offer any sympathy," the FAC does not suggest his supervisor's explanation seemed disingenuous. (*Id.*) Under Mokler, the Court finds Freeman's allegations insufficient to establish the harassing conduct was sufficiently sever or pervasive to state a claim for hostile work environment.

7

### C. Punitive Damages.

Finally, Flowers seeks to dismiss Freeman's claim for punitive damages. Flowers argues the FAC's factual allegations are insufficient to give rise to punitive damages. (*P&A* 7:24–27.) The Court agrees.

Punitive damages may be awarded where a jury finds by clear and convincing evidence that an act of oppression, malice or fraud has been committed. Cal. Civ. Code § 3294(a). A corporate employer is liable for punitive damages based on the acts of its employees where such "wrongful conduct was committed, authorized, or ratified by a corporate officer, director or managing agent. Id. § 3294(b). Section 3294 defines "malice" as conduct intended to cause injury to a plaintiff or "despicable conduct which is carried on by the defendant with a willful and conscious disregard of the rights or safety of others." Id. § 3294(c)(1). "Oppression" is defined as despicable conduct "subject[ing] a person to cruel and unjust hardship in conscious disregard of that person's rights." Id. § 3294(c)(2).

Here, the FAC fails to allege facts suggesting Freeman's supervisor engaged in fraud, oppression, or despicable conduct in willful and conscious disregard of Freeman's rights. Thus, the Court will dismiss the prayer for punitive damages with leave to amend.

## IV. CONCLUSION & ORDER

For the foregoing reasons, the Court **GRANTS** Defendants' motion [Doc. 7] **WITH LEAVE TO AMEND**. Plaintiffs' second amended complaint must be filed on or before **July 16, 2021**.

**IT IS SO ORDERED.**

Dated: June 25, 2021

Hon. Thomas J. Whelan
United States District Judge