**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

RODERICK FREEMAN,

Plaintiff,

v.

FLOWERS BAKING CO. OF HENDERSON, LLC,

Defendant.

Case No.: 3:20-cv-02303-W-BGS

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS [DOC. 16] WITHOUT LEAVE TO AMEND**

Defendant Flowers Baking Co. of Henderson, LLC ("Flowers") moves to dismiss the second cause of action for harassment and the request for punitive damages from the Second Amended Complaint ("SAC") under Federal Rule of Civil Procedure 12(b)(6). Plaintiff Roderick Freeman opposes.

The Court decides the matter on the papers submitted and without oral argument. Civ. L.R. 7.1(d.1). For the reasons that follow, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' motion [Doc. 16] **WITHOUT LEAVE TO AMEND**.

# I. BACKGROUND

## A. Factual allegations

Plaintiff Roderick Freeman, aged sixty-one, was hired by Defendant Flowers Baking Co. of Henderson, LLC ("Flowers") in or around January 2011 as a Branch Sales Manager. (*SAC* [Doc. 14] ¶¶ 9–11.) He was promoted to the role of Director of Sales in 2013 and reclassified as an Area Sales Director in 2018 despite repeatedly outperforming the annual sales quotas Flowers set for him. (*Id.* ¶¶ 10, 25.)

During a business meeting in or around June 2019, Freeman was approached by his supervisor who said to him, "Rod, I see you have a beard these days, you look like Papa Smurf." (*SAC* ¶ 12.) Papa Smurf is an elderly cartoon character from the Belgian series, *Smurfs*, which aired in the U.S. throughout the 1980's.[1] (*Id.* ¶ 14.) After researching Papa Smurf, Freeman was embarrassed by the association and proceeded to shave his beard the same night. (*Id.* ¶ 15.)

Six to eight weeks later, the supervisor again referred to Freeman as the cartoon character during a business meeting by saying, "Hey, Papa Smurf!" (*SAC* ¶¶ 18,19.) This time, Freeman responded to the supervisor, "[t]hat really hurt my feelings. Did you not see that I went home and shaved my beard after you called me Papa Smurf the last time?" (*Id.* ¶ 20.) Instead of offering an apology or sympathy, the supervisor insisted the comment was meant to be a "compliment" to indicate Freeman looked "distinguished." (*Id.* ¶ 21.) The supervisor's alleged lack of remorse and Freeman's feelings of embarrassment took a toll on his daily interactions with the supervisor. (*Id.*)

After filing the First Amended Complaint, Freeman alleges he was contacted by a coworker who "heard through the grape vine that Plaintiff had filed" this lawsuit. (*SAC* ¶ 22.) The coworker told Freeman that he was "personally aware of several instances where [his supervisor] had referred to Plaintiff as "Papa Smurf" to a number of other

---

[1] Steve Gorman, *Smurfs head for big-screen at Columbia Pictures*, Reuters (Jun. 10, 2008 5:07 PM), https://www.reuters.com/article/idUSN1039068320080611.

employees at the company on multiple occasions over the course of he last year." (*Id.*) Two of the occasions were while discussing scheduling and performances of the sales branch with his coworkers. (*Id.*) Freeman alleges that "[b]ased on the timeline explained to Plaintiff," these comments took place after he confronted his supervisor and told her how the label of "Papa Smurf" made him feel bad. (*Id.*) He further alleges that learning about her additional use of the label "Papa Smurf" caused him additional "shame and embarrassment." (*Id.*)

### B. <u>Procedural history</u>

On October 20, 2020, Freeman filed this lawsuit against Flowers in the San Diego Superior Court. On November 24, 2020, Flowers removed the case to this Court and filed a motion to dismiss the original Complaint. On December 15, 2020, before the Court ruled on the motion, Freeman filed the FAC asserting causes of action for age discrimination and harassment in violation of the California Fair Employment and Housing Act ("FEHA"), Cal. Government Code §§ 12940(a) and (j), and requesting punitive damages. (*FAC* [Doc. 6] ¶¶ 9–11.) Flower again moved to dismiss and on June 25, 2021, this Court granted the motion with leave to amend. (*See MTD Order* [Doc. 13].)

On July 11, 2021, Freeman filed the SAC. Flowers now seeks to dismiss the first cause of action for harassment and the request for punitive damages.

## II. <u>LEGAL STANDARD</u>

The Court must dismiss a cause of action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint. <u>See</u> <u>Parks Sch. of Bus., Inc. v. Symington</u>, 51 F.3d 1480, 1484 (9th Cir. 1995). A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or for insufficient facts under a cognizable theory. <u>Balisteri v. Pacifica Police Dep't.</u>, 901 F.2d 696, 699 (9th Cir. 1990). In ruling on the

motion, a court must "accept all material allegations of fact as true and construe the complaint in a light most favorable to the non-moving party." Vasquez v. L.A. Cnty., 487 F.3d 1246, 1249 (9th Cir. 2007).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has interpreted this rule to mean that "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 554, 555 (2007). The allegations in the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

Well-pled allegations in the complaint are assumed true, but a court is not required to accept legal conclusions couched as facts, unwarranted deductions, or unreasonable inferences. See Papasan v. Allain, 478 U.S. 265, 286 (1986); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

## III. DISCUSSION

### A. The SAC Fails to Allege Harassment under FEHA

Freeman's second cause of action alleges harassment based on age in violation of FEHA. Freeman contends his supervisor's comments comparing him to Papa Smurf created a hostile-working environment. (*SAC* ¶¶ 12–24.) Flowers argues the comments were not sufficiently severe and pervasive to alter the conditions of employment and instead were "isolated and trivial." (*P&A* [Doc. 16-1] 1:19–3:23.) The Court agrees with Flowers.

To establish a prima facie hostile work environment claim, Freeman must allege facts showing: (1) he was subjected to verbal or physical conduct because of his protected status; (2) the conduct was unwelcome, and (3) the conduct was sufficiently severe or pervasive to alter the conditions of his employment and create an abusive working environment. Surrell v. California Water Serv., 518 F.3d 1097, 1108 (9th Cir. 2008).

California courts have adopted the same standard for hostile work environment claims under FEHA as federal courts under Title VII. Lyle v. Warner Brothers Television Productions, 38 Cal.4th 264, 279 (2006) (citation omitted) (in context of gender harassment).

In evaluating whether the harassment was sufficiently severe and pervasive, the court considers the totality of the circumstances, including the nature and frequency of the offensive conduct, as well as the total number of days over which the offensive conduct occurs. Fisher v. San Pedro Peninsula Hosp., 214 Cal. App. 3d 590, 609 (1989). Isolated, sporadic, or trivial acts do not rise to the hostile standard. Id. Further, if "the plaintiff neither witnesses the other incidents nor knows that they occurred, those incidents cannot affect his or her perception of the hostility of the work environment." Patterson v. Boeing Company, 2018 WL 5937911 at *23 (C.D. Cal., 2018); see also Nguyen v. Qualcomm, Inc., 2011 WL 1119564 at *10 (S.D. Cal., 2011) (holding that a Plaintiff who alleged that her coworkers spoke negatively and laughed at her in her absence did not rise to a level of sufficiently severe or pervasive to establish a hostile work environment claim.)

In Mokler v. County of Orange, 157 Cal. App. 4th 121 (2007), plaintiff sued her former employer for a hostile-work environment under FEHA. Id. at 575. The claim was based on three acts of harassment by a work colleague that occurred over a five-week period. Id. at 144. The acts consisted of: (1) calling plaintiff an "aging nun"; (2) pulling plaintiff close to the colleague's body and making an inappropriate comment; and (3) placing his arm around plaintiff, stating she looked nice and demanding to know her address. Id. Although the court recognized that conduct was inappropriate, it concluded the "acts of harassment fall short of establishing 'a pattern of continuous, pervasive harassment [citation omitted], necessary to show a hostile working environment under FEHA.'" Id. at 145.

Here, Freeman's hostile work environment claim is based on his supervisor referring to him as "Papa Smurf" on two separate occasions spanning a six to eight-week

period and two specified instances over an entire calendar year. (*SAC* ¶¶ 12–20, 22.) As this Court found in ruling on Flower's first motion to dismiss, these comments are simply too isolated and sporadic to have altered the condition of Freeman's workplace. (*MTD Order* 7:19–27.) With regard to the new allegations that Freeman's supervisor called him "Papa Smurf" behind his back, because Freeman was admittedly unaware of the comments, they could not have affected his perception of the work environment. Surrell, 518 F.3d at 1108.

In Summary, under Mokler, the Court finds Freeman's original allegations of being personally called "Papa Smurf" insufficient to establish the harassing conduct was sufficiently severe or pervasive to state a claim for hostile work environment. Under Patterson and Nguyen, Freeman's new allegation of being unknowingly called "Papa Smurf" are also not sufficient to state a claim for a hostile-work environment.

**B. Punitive Damages**

Finally, Flowers seeks to dismiss Freeman's claim for punitive damages. Flowers argues the SAC's factual allegations are insufficient to give rise to punitive damages. (*P&A* 3:26–5:7.) The Court disagrees.

Punitive damages may be awarded where a jury finds by clear and convincing evidence that an act of oppression, malice or fraud has been committed. Cal. Civ. Code § 3294(a). A corporate employer is liable for punitive damages based on the acts of its employees where such "wrongful conduct was committed, authorized, or ratified by a corporate officer, director or managing agent. Id. § 3294(b). Section 3294 defines "malice" as conduct intended to cause injury to a plaintiff or "despicable conduct which is carried on by the defendant with a willful and conscious disregard of the rights or safety of others." Id. § 3294(c)(1). "Oppression" is defined as despicable conduct "subject[ing] a person to cruel and unjust hardship in conscious disregard of that person's rights." Id. § 3294(c)(2).

Here, the SAC alleges Freeman's supervisor discriminated against him by not offering him a promotion and then misled him regarding a non-existent application process. (*SAC* ¶¶ 30–36.) Flowers asserts that the supervisor's statements did not rise to a level of malicious, fraudulent, or oppressive conduct. (*P&A* 9:18–10:11.) However, viewing the facts in the light most favorable to the non-moving party, the supervisor's actions of intentionally misleading Freeman about the promotion process may rise to an oppressive level necessary for punitive damages. Thus, the Court will not dismiss the prayer for punitive damages.

### C. Leave to Amend

Leave to amend should be freely granted. Schaffer Family Investors, LLC v. Sonnier, 120 F.Supp.3d 1028, 1038 (2015). However, amendment will be denied where it would be futile. Id. Freeman has now had three attempts to allege a hostile work environment claim. Since the allegations still fall well short of stating such a claim, further leave to amend is not warranted.

## IV. CONCLUSION & ORDER

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's motion [Doc. 16] and **ORDERS** the Second Cause of Action for Harassment **DISMISSED WITHOUT LEAVE TO AMEND**.

**IT IS SO ORDERED.**

Dated: November 18, 2021

Hon. Thomas J. Whelan
United States District Judge